IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:10-CR-38-H
2:13-CV-2-H\

| | |
|---|---|
| SHALYN PERNELL BRICKHOUSE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND** |
| ) | **MEMORANDUM &** |
| UNITED STATES OF AMERICA, ) | **RECOMMENDATION** |
| ) | |
| Respondent. ) | |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion filed on January 15, 2013, as well as Petitioner's motion for appointment of counsel. The Government has moved to dismiss Petitioner's § 2255 motion for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Petitioner has not responded, and the time for doing so has expired. The matter has been referred to the undersigned for appropriate disposition pursuant to 28 U.S.C. § 636 and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that Petitioner's motions be denied and the Government's motion be granted.

**STATEMENT OF THE CASE**

On November 5, 2010, Petitioner pled guilty, pursuant to a written plea agreement, to one count of knowingly and intentionally distributing more than fifty grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). On February 8, 2011, the court sentenced Petitioner to a 120-month term of imprisonment. Petitioner did not appeal his conviction or sentence. Therefore, judgment became final on "the date upon which [petitioner] declined to

pursue further direct appellate review." *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

### I.     Motion for Appointment of Counsel

Petitioner requests that the court appoint counsel to represent him in this action. While there is no constitutional right to counsel in § 2255 proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), a court may appoint counsel in a § 2255 proceeding if it determines that "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B). The interests of justice require appointment of counsel only in the most "exceptional circumstances." *Whisenant v. Yua*m, 739 F.2d 160, 163 (4th Cir. 1984). Exceptional circumstances warranting appointment of counsel exist where a pro se litigant has raised a colorable claim but lacks the capacity to present it. *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). Such exceptional circumstances do not exist here. The issues presented in Petitioner's § 2255 motion are not particularly complex and Petitioner has sufficiently stated his claim to the court. Petitioner's motion for appointment of counsel is, therefore, denied.

### II.    Petitioner's § 2255 Motion

Petitioner asserts that the district court erred in failing to sentence him pursuant to the Fair Sentencing Act of 2010 ("FSA"). He argues that his sentence should be vacated because the United States Supreme Court ruled in *Dorsey v. Unites States*, 132 S. Ct. 2321 (2012), that the FSA applied retroactively to defendants who committed an offense before, but were sentenced after, the FSA's effective date of August 3, 2010. *Dorsey*, 132 S. Ct. at 2335-36. Petitioner committed his offense prior to the FSA's effective date and was sentenced after. Thus, he maintains his case should be remanded for re-sentencing pursuant to the FSA.

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's conviction became final in February 2011, and he did not file the instant § 2255 claim until January 15, 2013. Thus, petitioner's § 2255 motion is not timely under 28 U.S.C. § 2255(f)(1). Further, there is no allegation that the Government impeded Petitioner's ability to file his §2255 motion. *See* 28 U.S.C. § 2255(f)(2). For purposes of § 2255(f)(4), "facts" may include court rulings, such as a finding that the petitioner is not guilty of an offense. *See Johnson v. United States*, 544 U.S. 295 (2005) (vacatur of petitioner's state conviction was "fact" supporting his § 2255 challenge of career offender classification for purposes of § 2255(f)(4)). However, a legal decision that does not affect the validity of the petitioner's own underlying convictions is not a "new fact" for purposes of triggering the (f)(4) one-year period. *Walton v. United States*, No. 2:07-CR-17-1F, 2013 WL 1309277 (E.D.N.C. Mar. 28, 2013) (collecting cases). The Supreme Court's ruling in *Dorsey* does not constitute a new fact rendering Petitioner's claim timely under § 2255(f)(4).

3

Petitioner appears to be arguing that his claim is timely under § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in *Dorsey*. Under *Dorsey*, the FSA must be applied retroactively where the defendant was sentenced after the FSA's effective date and the issue is raised on direct appeal. *United States v. Black*, 737 F.3d 280, 285 (4th Cir. 2013); *see also United States v. Allen*, 716 F.3d 98 (4th Cir. 2013). However, neither the Supreme Court nor the Fourth Circuit has determined whether a defendant's right to application of the FSA, as recognized by *Dorsey*, is retroactively applicable to cases on collateral review as required by § 2255(f)(3).

Even assuming, however, that *Dorsey* is retroactively applicable to cases on collateral review and Petitioner's claim is timely under (f)(3), Petitioner has procedurally defaulted this claim. At sentencing, Petitioner raised the argument that he should be sentenced under the FSA. However, he did not appeal his conviction or sentence. Further, Petitioner has not shown cause or prejudice or a fundamental miscarriage of justice excusing his procedural default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is actually innocent."); *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (explaining that where petitioner did not raise issues on direct appeal, he was barred from later addressing those issues on collateral review). Thus, Petitioner is precluded from bringing the claim in a § 2255 motion.

Moreover, the plea agreement in this case contained a provision whereby Petitioner agreed, among other things, to waive his right to appeal the sentence imposed, including any issues that relate to the establishment of the sentencing guideline range, reserving only the right to appeal from an upward departure from the sentencing guideline range established at

4

sentencing. Petitioner further agreed to waive any right to contest his conviction or sentence in any post-conviction proceeding including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known at the time of the plea. Such waivers are enforceable so long as they are knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner has not alleged that his waiver was not knowing and voluntary, and there is no evidence in the record to support such a finding. Petitioner's claim falls within the scope of his plea waiver, and is, therefore, barred by his plea waiver.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for appointment of counsel [DE #40] is DENIED and it is RECOMMENDED that the Government's motion to dismiss [DE #34] be GRANTED, Petitioner's motion to vacate [DE #29] be DENIED, and Petitioner's claim be DISMISSED for failure to state a claim upon which relief can be granted.

The Clerk shall send a copy of this Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 5th day of March 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge